IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Libertarian Party of Georgia, Inc.**, a Georgia nonprofit corporation, and the **Georgia Green Party**, an unincorporated political body,<br><br>    Plaintiffs,<br><br>vs.<br><br>**Christopher M. Carr**, in his official capacity as Georgia Attorney General, and **James D. Kreyenbuhl**, in his official capacity as chair of the Georgia Government Transparency and Campaign Finance Commission**,**<br><br>    Defendants. | Case No. _____<br><br><br><br>**Complaint** |

## Nature of the Case

1. This is a constitutional challenge to O.C.G.A. § 21-5-34.2, which allows a so-called "leadership committee" to accept political contributions that exceed the $8,400 limit imposed by law on candidates for statewide office and their campaign committees.

2. The plaintiffs are the Libertarian Party of Georgia and the Georgia Green Party. They allege that the leadership-committee statute violates the Equal Protection Clause of the Fourteenth Amendment and the free-speech guarantees of the First and Fourteenth Amendments because the statute allows the Republican and Democratic nominees for Governor and Lieutenant Governor to raise funds in unlimited amounts while Libertarian and Green nominees remain subject to the $8,400 limit. Alternatively, the plaintiffs allege that the $8,400 contribution and expenditure limits in O.C.G.A. § 21-5-41 are unconstitutional as applied to Libertarian and Green nominees for Governor and Lieutenant Governor.

## Jurisdiction and Venue

3. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4)

4. Venue is proper in this Court under 28 U.S.C. §§ 90(a)(2) and 1391(b).

## Parties

5. The Libertarian Party of Georgia, Inc, is a Georgia nonprofit corporation founded in 1972. It has run candidates in every election for

Governor or Lieutenant Governor since 1990. It intends to nominate candidates for Governor and Lieutenant Governor in 2026 and in future elections. The Libertarian Party nominates candidates for other state and local offices in Georgia and intends to do so in future elections.

6. The Libertarian Party has members who intend to run and be nominated as the Libertarian candidates for Governor and Lieutenant Governor in future elections. The Libertarian Party has members who want to donate to individual Libertarian candidates above the contribution limits in O.C.G.A. § 21-5-41 or to make expenditures above those limits in coordination with the candidate or that candidate's campaign committee.

7. The Georgia Green Party is an unincorporated political body registered under O.C.G.A. § 21-2-110 since 1996. The party has nominated candidates for Governor and Lieutenant Governor in the past. It intends to do so in 2026 and in future elections. The Georgia Green Party nominates candidates for other state and local offices in Georgia and intends to do so in future elections.

8. The Georgia Green Party has members who intend to run and be nominated as the Green candidates for Governor and Lieutenant Governor in future elections.

9. Defendant Christopher M. Carr is the Georgia Attorney General. The Attorney General is charged with enforcing the Georgia Government Transparency and Campaign Finance Act, of which O.C.G.A. § 21-5-34.2 and O.C.G.A. § 21-5-41 are parts. *See* O.C.G.A. § 21-5-6(b)(14). He is sued in his official capacity only.

10. Defendant James D. Kreyenbuhl is the chair of the Georgia Government Transparency and Campaign Finance Commission, which is an administrative body charged with enforcing the Georgia Government Transparency and Campaign Finance Act, of which O.C.G.A. § 21-5-34.2 and O.C.G.A. § 21-5-41 are parts. *See* O.C.G.A. §§ 21-5-6, -7, -36. He is sued in his official capacity only.

## Background

11. The Georgia Government Transparency and Campaign Finance Act, O.C.G.A. § 21-5-1 *et seq.*, prohibits any statewide candidate or campaign committee from receiving aggregate contributions from any person—natural or corporate—exceeding $8,400 for the primary, $8,400

for the general, and $4,800 for a runoff election. O.C.G.A. § 21-5-41(a), (k).

12.  In 2021, the Georgia General Assembly amended the Act to allow for the creation of a "leadership committee" which "may accept contributions or make expenditures for the purpose of affecting the outcome of any election or advocating for the election or defeat of any candidate ...." O.C.G.A. § 21-5-34.2(d).

13.  A "leadership committee" is defined as:

> a committee, corporation, or organization chaired by the Governor, the Lieutenant Governor, the nominee of a political party for Governor selected in a primary election in the year in which he or she is nominated, or the nominee of a political party for Lieutenant Governor selected in a primary election in the year in which he or she is nominated. Such term shall also mean up to two political action committees designated by the majority caucus of the House of Representatives, the minority caucus of the House of Representatives, the majority caucus of the Senate, and the minority caucus of the Senate. No person may chair more than one leadership committee.

O.C.G.A. § 21-5-34.2(a).

14.  A leadership committee must register with the Georgia Government Transparency and Campaign Finance Commission within

ten days of beginning to accept contributions and must disclose contributions or expenditures over $500.00. *See* O.C.G.A. § 21-5-34.2(e).

15.   Importantly, "[t]he contribution limits in Code Section 21-5-41 shall not apply to contributions to a leadership committee or expenditures made by a leadership committee in support of a candidate or a group of named candidates." O.C.G.A. § 21-5-34.2(e). This means that a leadership committee may accept contributions in any amount and is not limited by the current monetary limitations on candidates and their campaign committees.

16.   The only individual candidates for statewide office who can form leadership committees and can raise unlimited amounts of contributions under O.C.G.A. § 21-5-34.2 are the Governor, the Lieutenant Governor, and the nominees of a "political party" for those two offices who are chosen in a primary election. O.C.G.A. § 21-5-34.2(a).

17.   Georgia law defines "political party" as any political organization which, at the preceding gubernatorial election, nominated a candidate for Governor who polled at least 20 percent of the total vote cast in the state for Governor; or which at the preceding presidential election nominated a candidate for President who polled at least 20

6

percent of the total vote cast in the nation for that office. O.C.G.A. § 21-2-2(25).

18. The only political parties under O.C.G.A. § 21-2-2(25) are the Democratic and Republican parties.

19. Georgia law defines "political body," as "any political organization other than a political party." O.C.G.A. § 21-2-2(23).

20. The Libertarian Party and Georgia Green Party are political bodies under O.C.G.A. § 21-2-2(23).

21. In December 2023, the Georgia Government Transparency and Campaign Finance Commission adopted a regulation expanding the definition of "political party" for purposes of O.C.G.A. § 21-5-35.2(a) to include "any political body which is duly registered as provided in O.C.G.A. § 21-2-110 and qualified to nominate candidates for state-wide public office by convention pursuant to O.C.G.A. § 21-2-180." Ga. Comp. R & Regs. 189-.01.

22. Under O.C.G.A. § 21-2-180, a political body is qualified to nominate candidates for statewide public office by convention if it (1) submits a petition signed by 1 percent of the voters in the preceding general election; or (2) nominated a candidate for statewide office who

7

received votes equaling at least one percent of the registered voters in the preceding general election.

23. Political-body nominees for Governor and Lieutenant Governor are prohibited by law from forming a leadership committee, accepting unlimited contributions, and making unlimited expenditures like their political-party counterparts.

24. Political-body nominees for Governor and Lieutenant Governor who accept contributions or make expenditures above the limits in O.C.G.A. § 21-5-41 are subject to civil or criminal prosecution for violating state law.

25. The Georgia Government and Transparency and Campaign Finance Commission enforces the eligibility requirements for leadership committees in O.C.G.A. § 21-5-34.2. The Commission would reject or refuse to process a registration form (Form RO) for a leadership committee submitted by a political-body nominee for Governor or Lieutenant Governor.

26. The Georgia Government and Transparency and Campaign Finance Commission and the Attorney General regularly enforce the contribution and expenditure limits in O.C.G.A. § 21-5-41.

### Claim One

27. As applied to political-body nominees for Governor and Lieutenant Governor, O.C.G.A. § 21-5-34.2 violates the free-speech guarantees of the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

### Claim Two

28. As applied to political-body nominees for Governor and Lieutenant Governor, O.C.G.A. § 21-5-34.2 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983.

### Claim Three

29. Alternatively, as applied to political-body nominees for Governor and Lieutenant Governor, O.C.G.A. § 21-5-41 violates the free-speech guarantees of the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

### Claim Four

30. Alternatively, as applied to political-body nominees for Governor and Lieutenant Governor, O.C.G.A. § 21-5-41 violates the

Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

31. A real and actual controversy exists between the parties.

32. The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

33. The plaintiffs are suffering irreparable harm because of the violation complained of here, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully prays that this Court:

> (1) enter a declaratory judgment that O.C.G.A. § 21-5-34.2 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and free-speech guarantees of the First and Fourteenth Amendments as applied to political-body nominees for Governor and Lieutenant Governor; or, alternatively, enter a declaratory judgment that, as applied to political-body nominees for Governor and Lieutenant Governor, O.C.G.A. § 21-5-41 violates the Equal Protection Clause of the

Fourteenth Amendment to the United States Constitution and the free-speech guarantees of the First and Fourteenth Amendments;

(2) enjoin the defendants from enforcing O.C.G.A. § 21-5-34.2 in a manner that violates the United States Constitution; or, alternatively, enjoin the defendants from enforcing O.C.G.A. § 21-5-41 in a manner that violates the United States Constitution

(3) award the plaintiffs the costs of this action together with their reasonable attorneys' fees under 42 U.S.C. § 1988; and

(4) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of the Court be necessary and proper.

Respectfully submitted this 16th day of December, 2024.

**/s/ *Bryan L. Sells***
Georgia Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com