IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Libertarian Party of Georgia, Inc.**, a Georgia nonprofit corporation, and the **Georgia Green Party**, an unincorporated political body,<br>　　Plaintiffs,<br><br>v.<br><br>**Christopher M. Carr**, in his official capacity as Georgia Attorney General, and **James D. Kreyenbuhl**, in his official capacity as chair of the Georgia Government Transparency and Campaign Finance Commission**,**<br>　　Defendants. | CIVIL ACTION<br>FILE NO. 1:24-cv-5763-MHC |

**DEFENDANTS'[1] RESPONSE TO
PLAINTIFFS' MOTION TO EXPEDITE OR,
IN THE ALTERNATIVE, TO SET AN ANSWER DEADLINE**

In asking this Court to expedite consideration of Defendants' pending motion to dismiss or, in the alternative, to set an answer deadline, Plaintiffs have failed to set forth good cause for the grant of either remedy. Based upon

---

[1] Defendants are Christopher M. Carr, Attorney General of the State of Georgia, and James D. Kreyenbuhl, who currently serves as the Chair of the Georgia State Ethics Commission. The Georgia State Ethics Commission was previously known as the Georgia Government Transparency and Campaign Finance Commission, but was renamed the State Ethics Commission in 2023 Ga.HB 574, effective July 1, 2023.

the dates of upcoming *relevant* elections, there remains adequate time for Plaintiffs to address scheduling concerns under Fed.R.Civ.P. 16 if Defendants' motion to dismiss is not granted and further proceedings are needed in this Court.

While this Court's local rules provide for the making of emergency motions, Plaintiffs' motion fails to present sufficient grounds for either expediting of proceedings or accelerating Defendants' answer date. L.R. 7.2(b) states that such a motion "shall set forth in detail the necessity for such expedited procedure." Plaintiffs have offered few details as to why the relief the seek might be necessary. Their motion simply states that "the case involves state campaign-finance laws which apply to two statewide special elections being held in 2025 and to a full slate of elections for constitutional officers and state legislators in 2026." Doc. 23, p. 2.

The 2025 special elections to which Plaintiffs refer are presumably the primary and general elections for Public Service Commissioners, which are scheduled for June 17, 2025 and November 4, 2025 respectively. *See* O.C.G.A. §§ 46-2-1.1 (b)(2)–(3), (c). However, Plaintiffs' amended complaint challenges the application of O.C.G.A. §§ 21-5-34.2 and 21-5-41 to "political-body nominees for Governor and Lieutenant Governor." Doc. 18, ¶¶ 31–34. Plaintiffs do not explain how upcoming special elections for Public Service

2

Commissioners will impact litigation over the application of a leadership committee statute and/or campaign contribution limits to political body candidates for Governor and Lieutenant Governor.

As to the 2026 elections for Governor and Lieutenant Governor, Plaintiffs have not demonstrated why the typical deadlines for any proceedings that might follow this Court's ruling on the pending motion to dismiss will necessarily be problematic. Should Defendants' pending motion to dismiss not be granted, Defendants suggest that the proper course of action would be for the parties to confer as to whether they can agree on a proposed scheduling order for any remaining proceedings. In the event the parties are unable to agree on the terms of such an order, the Court should then consider conducting a scheduling conference pursuant to Fed.R.Civ.P. 16 (a) to address any concerns that either party might have with regard to the timing of further proceedings that may need to be resolved prior to 2026 elections.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to expedite or, in the alternative, to set an answer deadline.

Respectfully submitted this 19th day of May, 2025.

>Christopher M. Carr
>Attorney General
>Georgia Bar No. 112505
>
>Bryan K. Webb
>Deputy Attorney General
>Georgia Bar No. 743580
>
>*/s/Elizabeth T. Young*
>Elizabeth T. Young
>Senior Assistant Attorney General
>Georgia Bar No. 707725
>Georgia Department of Law
>40 Capitol Square SW
>Atlanta, GA  30334
>eyoung@law.ga.gov
>Telephone: 404-458-3425
>*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<u>*/s/Elizabeth T. Young*</u>